UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRENDA ANN SMITH,<br>  *Petitioner*,<br><br>  v.<br><br>TIMETHEA PULLEN, Warden, FCI-Danbury,<br>  *Respondent*. | No. 3:22-cv-1554 (JAM) |

**ORDER GRANTING MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Brenda Ann Smith has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the award of time credits pursuant to the First Step Act.

Smith was arrested and detained on August 27, 2019 at Essex County Correctional Facility in New Jersey.[1] She was sentenced on May 4, 2022 and transported to the Federal Correctional Institution at Danbury ("FCI Danbury") on May 24, 2022.[2]

Smith now seeks a ruling that her First Step Act ("FSA") federal time credits should be calculated beginning from the date of her initial arrest—August 27, 2019—rather than from the date of her sentence—May 4, 2022.[3] The respondent warden of FCI Danbury has filed a motion to dismiss, contending not only that Smith failed to exhaust her administrative remedies but also that Smith cannot earn credits for the time prior to her date of sentencing in May 2022.[4]

A federal court has jurisdiction over habeas corpus actions filed by federal prisoners who are "in custody under or by color of the authority of the United States" or who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1),

---

[1] Doc. #1 at 6.
[2] *Ibid.*
[3] *Ibid.*
[4] Doc. #9.

1

(c)(3). Section 2241 applies to "challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotations omitted).[5]

Federal courts require that prisoners exhaust available administrative remedies before seeking judicial relief pursuant to 28 U.S.C. § 2241, including challenges to the loss or accrual of good time credits. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Gotiangco v. Danbury*, 2022 WL 7584716, at *1 (D. Conn. 2022). Federal prisoners in the custody of the Federal Bureau of Prisons (BOP) must exhaust their administrative remedies by completing a four-step process involving (1) an attempt at informal resolution; (2) a written remedy request to the warden; (3) an appeal to the regional director; and finally (4) an appeal to the BOP general counsel's office. *See* 28 C.F.R. Part 542, Subpart B (Administrative Remedy Program); *South v. Licon-Vitale*, 2020 WL 3064320, at *1 (D. Conn. 2020).

The warden has submitted evidence that Smith has completed only the first two steps of the administrative process.[6] Smith does not contest that she has yet to appeal the initial denials of her request to either the BOP regional director or to the BOP general counsel's office.

It is true that a court has discretion to excuse the BOP's administrative exhaustion requirement. *See Emery v. Pullen*, 2023 WL 348114, at *4 (D. Conn. 2023). It may do so for any of at least four reasons: that "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative

---

[5] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[6] *Id.* at 5, Doc. #9-1.

2

appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Ibid.* (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

But Smith does not show that any of these reasons apply here. Although she argues that the only dispute is about a matter of statutory interpretation, I cannot rule out the possibility that if Smith were to present her legal arguments to the BOP regional director and general counsel that they would not agree with her about the law. Alternatively, they might conclude that there are factual issues that preclude relief even if Smith is correct as a matter of law that a prisoner is eligible to receive credits for the time spent in custody prior to the date of sentencing. Thus, even if the BOP ends up denying administrative relief, exhaustion may create a record that would assist me with evaluating any renewed petition for writ of habeas corpus. *See McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (*per curiam*) (noting how "[w]hen an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted" or, alternatively, that "even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration").

The Court GRANTS without prejudice the warden's motion to dismiss (Doc. #9). In light of this ruling, the Court denies as moot Smith's motion for the Court to make a determination (Doc. #14). The Clerk of Court shall close this case without prejudice to a motion to re-open in the event that Smith files a renewed petition demonstrating that she has fully exhausted her administrative remedies.

It is so ordered.

Dated at New Haven this 28th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge